CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

NOV 0 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALAN ARTHUR LITTLEFIELD,<br>Petitioner, | )<br>) Case No. 7:05CV00419<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| GEORGE HINKLE, WARDEN,<br>Respondent. | ) By: Hon. Glen E. Conrad<br>) United States District Judge |

Alan Arthur Littlefield, a Virginia inmate proceeding with counsel, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Littlefield challenges the validity of his conviction in the Circuit Court for the City of Charlottesville. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the respondent's motion.

## BACKGROUND

On May 31, 2001, a jury found Littlefield guilty of the attempted murder of his ex-wife, Cheri Lynn Roberts. The Circuit Court sentenced Littlefield to an eight-year term of imprisonment. The final judgment was entered on December 8, 2001.

Littlefield appealed his conviction to the Court of Appeals of Virginia. On September 11, 2002, Littlefield's petition for appeal was denied. That decision was adopted by a three-judge panel of the Court of Appeals on November 14, 2002. Littlefield appealed the panel's decision to the Supreme Court of Virginia. The Supreme Court dismissed the petition for appeal on January 31, 2003, for failure to comply with Rule 5:14(a).

On March 5, 2003, Littlefield filed a petition for writ of habeas corpus in the Supreme Court of Virginia, in which he argued that he was denied his right of appeal. The Supreme Court granted the petition and permitted Littlefield to file a delayed appeal to that Court. On December

18, 2003, Littlefield's petition for appeal was refused. Littlefield then filed a petition for writ of certiorari in the United States Supreme Court. The petition was denied on October 4, 2004. Littlefield filed a second petition for writ of habeas corpus in the Supreme Court of Virginia on January 13, 2005. On March 7, 2005, the petition was dismissed as untimely.

Littlefield mailed the instant petition on June 27, 2005. The petition asserts the following claims:

1. The petitioner's counsel was ineffective for failing to investigate his case, and for failing to present a defense of, and an instruction on, voluntary abandonment.

2. The petitioner's counsel was ineffective for failing to properly impeach the victim.

3. The petitioner's counsel was ineffective for not presenting mitigating evidence at sentencing, and for not presenting a rebuttal argument during the sentencing phase of the bifurcated trial.

4. The petitioner's counsel was ineffective for not eliciting particular testimony from an expert witness, and for failing to preserve the issue for appellate review.

5. The petitioner's counsel was ineffective for making misrepresentations in his petition for appeal.

6. The petitioner's counsel was ineffective for failing to demand the Commonwealth to respond to a motion for bill of particulars.

7. The petitioner's counsel was ineffective for failing to inquire about the nature and circumstances of an ex parte communication between the judge and a witness for the prosecution.

8. The evidence was insufficient to support the petitioner's conviction.

9. The petitioner was denied due process when the trial court admitted evidence of other bad acts.

10. The petitioner was denied due process when the trial court limited the testimony of his expert witness.

2

On July 21, 2005, the respondent moved to dismiss the petition. Since the petitioner has now responded to the motion, the petition is ripe for review.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(b), a petitioner challenging a state court conviction must first exhaust remedies available in the courts of the state in which he was convicted before seeking federal habeas review. See Preiser v. Rodriguez, 411 U.S. 475 (1973). When a claim has been adjudicated on the merits by a state court, this court may grant habeas relief only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

## DISCUSSION

A. Ineffective Assistance

Littlefield first attacks his conviction based on seven claims of ineffective assistance of counsel. Littlefield previously raised these claims in the second habeas petition filed in the Supreme Court of Virginia. The second petition was dismissed as untimely pursuant to Virginia

3

Code § 8.01-654(A)(2).[1] The untimely filing of a state habeas petition constitutes an adequate and independent ground for the denial of federal habeas relief. See Weeks v. Angelone, 176 F.3d 249, 273-274 (4th Cir. 1999). Therefore, the respondent argues that Littlefield's ineffective assistance claims are procedurally barred absent a showing of cause and prejudice or actual innocence. See Murray v. Carrier, 477 U.S. 478, 496 (1986); Sawyer v. Whitley, 112 S. Ct. 2514, 2517 (1992).

In response, Littlefield argues that the limitation period for filing a state habeas petition should have been equitably tolled during the period in which his petition for writ of certiorari was pending before the United States Supreme Court. However, Littlefield has provided no state case law to support the proposition that Virginia Code § 8.01-654(A)(2) is subject to equitable tolling.[2] Even assuming that such authority does exist, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). See Burns v. Lafler, 328 F. Supp. 2d 711, 719 (E.D. Mich. 2004) ("A state court's failure to properly apply a state statute of limitations does not violate due process or any other provision of the Constitution or a federal statute, and thus does not provide a basis for granting a writ of habeas corpus.").

Littlefield also argues that cause and prejudice exist to excuse the procedural default, based on the "extraordinary delay" in receiving a decision from the United States Supreme Court

---

[1] This statute provides, in pertinent part, that a "habeas corpus petition attacking a criminal conviction or sentence," except as provided in capital cases, "shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code § 8.01-654(A)(2).

[2] The two cases cited by Littlefield, Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2002) and Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), involve the application of the equitable tolling doctrine to 28 U.S.C. § 2244(d).

4

on his petition for writ of certiorari. As a result of the "extraordinary delay," Littlefield contends that he was prevented from preparing his state habeas petition "by circumstances that were outside of his own control." The court agrees with the respondent that this argument is also without merit. Contrary to Littlefield's assertions, there was no "extraordinary delay" by the United States Supreme Court. The Supreme Court ruled on Littlefield's petition for writ of certiorari less than six months after the petition was filed. Moreover, after the Supreme Court issued its decision, Littlefield still had more than two months to file a timely habeas petition in state court,[3] and he has provided no explanation for his failure to file a petition within that period.

As a final argument, Littlefield contends that the procedural default should be excused on the basis of his actual innocence. However, Littlefield has provided no new evidence to support his actual innocence claim. Littlefield merely alleges that the evidence presented at trial was insufficient to support his conviction. "In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, 'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Royal v. Taylor, 188 F.3d 239, 243-244 (4th Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)) (emphasis added). See also Reid v. True, 349 F.3d 788 (4th Cir. 2003) (holding that the petitioner's procedural default was not excused on the basis of actual innocence where the petitioner failed to offer any new evidence). Since Littlefield has provided no new evidence to support his claim of actual innocence, the procedural default cannot be excused. Accordingly,

---

[3] The United States Supreme Court denied Littlefield's petition for writ of certiorari on October 4, 2004. Pursuant to Virginia Code § 8.01-654(A)(2), Littlefield had until December 18, 2004 to file a timely habeas petition in state court.

5

the court will grant the respondent's motion to dismiss with respect to Littlefield's ineffective assistance claims.

B.  Sufficiency of the Evidence

In his eighth claim, Littlefield argues that the evidence was insufficient to support his conviction for the attempted murder of his ex-wife, Cheri Roberts. Under Virginia law, the elements of attempted murder are "a specific intent to kill the victim and an overt but ineffectual act committed in furtherance of this criminal purpose." Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). While Littlefield concedes that the evidence was sufficient to prove the element of intent, Littlefield contends that there was insufficient evidence of an overt act.

When reviewing the sufficiency of the evidence to support a conviction, the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The court must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). The court does not weigh the evidence or consider the credibility of witnesses. United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983).

Applying these principles to this case, the court concludes that any rational trier of fact could have found the essential elements of the crime at issue beyond a reasonable doubt. Littlefield and Cheri Roberts divorced in 1999 after having been married eighteen years. (Tr. at 87). Following the divorce, Littlefield moved from Charlottesville to Florida to live with his family. (Tr. at 111-112). In September 1999, Littlefield learned that Roberts had made a claim

6

against his pension benefits, which greatly upset him. (Tr. at 113-114). Littlefield subsequently wrote letters to his family and gave them to Keith Maxwell. (Tr. at 140). Littlefield told Maxwell to "give the letters to mom and dad after you see me on CNN, after I'm dead and gone and you see me on CNN." (Tr. at 141). In the letters, Littlefield stated that Roberts had "chained [him], and took what was rightfully [his]," and that he couldn't "get it back," but he could "stop her from enjoying it." (Tr. at 130). Littlefield also stated that Roberts and her lawyer "have to go." (Tr. at 130). In another letter, Littlefield stated that he was "on [his] way to Virginia," that it was a "one-way trip," and that he would not be back. (Tr. at 167). On September 9, 1999, after reading the letters, Littlefield's father contacted the police department in Virginia to express his concern. (Tr. at 120). Charlottesville police officers were advised to be on the lookout for Littlefield's truck, and Roberts was advised not to go into work. (Tr. at 88). On the morning of September 10, 1999, Anne Breeden, one of Roberts' co-workers, saw Littlefield in the office parking lot. (Tr. at 61). Shortly thereafter, a police officer stopped Littlefield's truck. (Tr. at 67). Upon obtaining Littlefield's consent, police officers searched the front of the truck, where they discovered a revolver and a box of bullets. (Tr. at 74-75). The officers also found a gun and additional ammunition in a toolbox in the back of the truck. (Tr. at 76).

When viewed in the light most favorable to the Commonwealth, the evidence is sufficient to support Littlefield's conviction for attempted murder. Littlefield clearly expressed his intent to harm Roberts, and he drove from Florida to her place of employment in Charlottesville, armed with a deadly weapon. Based on the evidence presented at trial, any rational trier of fact could have concluded that Littlefield had the specific intent to kill Roberts, and that he committed an overt act in furtherance of this purpose.

7

Case 7:05-cv-00419-GEC-mfu   Document 15   Filed 11/03/05   Page 7 of 9   Pageid#: 225

C.  Errors by the Trial Court

In his ninth and tenth claims, Littlefield challenges the trial court's rulings on the admissibility of certain evidence. Specifically, Littlefield alleges that he was denied due process when the trial court admitted evidence of other bad acts,[4] as well as when the trial court limited the testimony of his expert witness.[5]

The United States Supreme Court has explained that when conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 505 U.S. at 68. Therefore, decisions concerning the admissibility of evidence in state court are not subject to federal review, unless they "were so extreme as to result in a denial of a constitutionally fair proceeding." Burket v. Angelone, 208 F.3d 172, 186 (4th Cir. 2000). See also Spencer v. Murray, 5 F.3d 758, 762 (4th Cir. 1993); Stockton v. Commonwealth, 852 F.2d 740, 748 (4th Cir. 1988); Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960). Having reviewed the record, the court is unable to conclude that the challenged evidentiary rulings were so fundamentally unfair that Littlefield was denied due process. Accordingly, Littlefield's ninth and tenth claims must be dismissed.

---

[4] Littlefield contends that the trial court should not have permitted Roberts to testify about an incident that occurred prior to the couple's divorce, during which Littlefield allegedly held a gun to her head and threatened to kill her. (Tr. at 90). Littlefield also contends that the trial court erred by permitting Roberts' attorney to testify about a prior conversation, in which Littlefield allegedly told him that someone would get hurt if his retirement account was touched. (Tr. at 102).

[5] Littlefield's expert witness, Dr. Corchrin, testified before the jury that Littlefield's letters were consistent with an intent to commit suicide. (Tr. at 208). Dr. Corchrin was also prepared to testify that the letters were not consistent with an intent to take another person's life. (Tr. at 215). However, the trial court refused to permit such testimony, because it went to the ultimate issue of whether Littlefield intended to kill his ex-wife. (Tr. at 221).

8

## CONCLUSION

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and all counsel of record.

ENTER: This 2<sup>d</sup> day of November, 2005.

                                                             */s/ Glen E. Conrad*
                                                          United States District Judge