CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 3 2005

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALAN ARTHUR LITTLEFIELD,<br>    Petitioner, | Case No. 7:05CV00419 |
| v. | **MEMORANDUM OPINION** |
| GEORGE HINKLE, WARDEN,<br>    Respondent. | By: Hon. Glen E. Conrad<br>United States District Judge |

This case is before the court on the petitioner's motion to alter or amend judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons that follow, the petitioner's motion will be denied.

## BACKGROUND

On July 1, 2001, a jury in the Circuit Court for the City of Charlottesville found the petitioner guilty of attempted murder. The petitioner's conviction was affirmed by the Court of Appeals of Virginia and the Supreme Court of Virginia. The petitioner filed a petition for writ of certiorari in the United States Supreme Court. The petition was denied on October 4, 2004. The petitioner then filed a petition for writ of habeas corpus in the Supreme Court of Virginia on January 13, 2005. That petition was dismissed as untimely on March 7, 2005. On June 27, 2005, the petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. By opinion and order entered November 3, 2005, the petition was dismissed. The petitioner has now filed a motion to alter or amend judgment under Rule 59(e).

## DISCUSSION

Although Rule 59(e) does not articulate the grounds upon which a district court may alter or amend judgment, the United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending a prior judgment under this rule: "(1) to accommodate an intervening

change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Insurance Co. v. American National Fire Insurance Co., 148 F.3d 396, 403 (4th Cir. 1998). The petitioner bases his motion on the third ground. The petitioner first argues that the court misconstrued the facts when reviewing the sufficiency of the evidence to support his conviction. The petitioner also argues that the court erred in concluding that his ineffective assistance claims were procedurally defaulted.

1.  Sufficiency of the Evidence Claim

In his eighth claim, the petitioner argued that the evidence was insufficient to support his conviction for the attempted murder of his ex-wife, Cheri Lynn Roberts. As explained in the court's previous opinion, the elements of attempted murder are "a specific intent to kill the victim and an overt but ineffectual act committed in furtherance of this criminal purpose." Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). While the petitioner conceded that the evidence was sufficient to prove the element of intent, the petitioner contended that there was insufficient evidence of an overt act. However, upon reviewing the evidence, the court ultimately concluded that any rational trier of fact could have found that the petitioner had the specific intent to kill Roberts, and that he committed an overt act in furtherance of that purpose. The court noted that the petitioner clearly expressed his intent to harm his ex-wife in letters written to his family, and that the petitioner "drove from Florida to [Roberts'] place of employment in Charlottesville, armed with a deadly weapon." (Nov. 3, 2005 Op. at 7).

The petitioner now contends that the court's decision was based on an unreasonable determination of the facts, since there was no evidence that the petitioner's truck or firearms were actually located at Roberts' place of employment. However, having reviewed the record, the court concludes that the petitioner's argument is without merit. It is undisputed that Roberts

2

was advised not to go into work on September 10, 1999, after Charlottesville police officers received information suggesting that the petitioner might have been traveling from Florida to Charlottesville to harm her. (Trial Tr. at 88, 120). On the morning of September 10, 1999, Anne Breeden, one of Roberts' co-workers at the Albemarle County Office Building, saw the petitioner riding a bicycle in the building's parking lot. (Tr. at 61). Shortly thereafter, a police officer observed the petitioner's truck approximately one-half of a mile from the Albemarle County Office Building. (Tr. at 67). The truck was traveling away from the building. (Tr. at 67). Upon stopping the truck and performing a consensual search, police officers discovered a revolver and a box of bullets in the front of the truck. (Tr. at 74-75). The officers also found a gun and additional ammunition in a toolbox in the back of the truck. (Tr. at 76). Based on this recitation of the facts, the court finds no error in its adjudication of the petitioner's sufficiency of the evidence claim.

2. Procedurally Defaulted Claims

The petitioner also raised seven claims of ineffective assistance of counsel in his federal habeas petition. The petitioner had previously raised the claims in a habeas petition filed in the Supreme Court of Virginia. That petition was dismissed as untimely pursuant to Virginia Code § 8.01-654(A)(2). Since the untimely filing of a state habeas petition constitutes an adequate and independent ground for the denial of federal habeas relief, Weeks v. Angelone, 176 F.3d 249, 273-274 (4th Cir. 1999), the court concluded that the petitioner's ineffective assistance claims were procedurally barred absent a showing of cause and prejudice or actual innocence. See Murray v. Carrier, 477 U.S. 478, 496 (1986); Sawyer v. Whitley, 112 S. Ct. 2514, 2517 (1992). The court rejected the petitioner's argument that the limitation period for filing a state habeas petition should have been equitably tolled during the period in which his petition for writ of

3

certiorari was pending before the United States Supreme Court. The court noted that the petitioner had provided no state case law to support the proposition that § 8.01-654 was subject to equitable tolling, and that even if such authority did exist, the court could not reexamine state-court determinations on state-law questions. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

The petitioner now seeks to relitigate this issue by arguing that "Virginia law discriminates against all prisoners seeking habeas relief who are not on death row," and that the Supreme Court of Virginia's decision to dismiss his state habeas petition infringed upon a "guaranteed constitutional right." However, a Rule 59(e) motion may not be used to merely relitigate issues already decided by the court, or to raise arguments that could have been raised in the first instance. See Pacific Ins. Co., 148 F.3d at 403. Therefore, the court concludes that the petitioner has failed to assert a proper basis for relief under Rule 59(e).

## CONCLUSION

For the reasons stated, the court will deny the petitioner's motion. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and all counsel of record.

ENTER: This 22d day of November, 2005.

United States District Judge

4