CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 2 6 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| ALAN ARTHUR LITTLEFIELD, | ) | |
| Petitioner, | ) | Civil Action No. 7:05cv00419 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GEORGE HINKLE, WARDEN, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

This matter is before the court upon petitioner's pro se motion for reconsideration, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, of this court's opinion and order (docket number 16) entered November 3, 2005, dismissing Littlefield's petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, the petitioner's motion will be denied.

On July 1, 2001, a jury in the Circuit Court for the City of Charlottesville found the petitioner guilty of attempted murder. The petitioner's conviction was affirmed by the Court of Appeals of Virginia and the Supreme Court of Virginia. The petitioner filed a petition for a writ of certiorari in the Supreme Court of the United States. That petition was denied on October 4, 2004. The petitioner then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on January 13, 2005. That petition was dismissed as untimely on March 7, 2005. On June 27, 2005, petitioner filed the instant civil action, a petition for a writ of habeas corpus under 28 U.S.C. § 2254. By opinion and order entered November 3, 2005, respondent's motion to dismiss was granted, and the case was stricken from the active docket of the court.* Petitioner appealed the November 3, 2005, dismissal to the United States Court of Appeals for the Fourth Circuit. On May 4, 2006, the

---

* On November 14, 2005, petitioner filed a motion to alter or amend judgment under Rule 59(e). On November 23, 2005, the court entered an order denying the motion.

1

Court of Appeals denied petitioner a certificate of appealability and dismissed the appeal. On October 16, 2006, the Supreme Court of the United States denied Littlefield's petition for a writ of certiorari. Petitioner now argues that this court's judgment of November 3, 2005, is void because the respondent filed a motion to dismiss in July 2005. Petitioner argues that respondent's filing of a motion to dismiss was improper and that the court's subsequent action was void, pursuant to Rule 60(b)(4).

Rule 60(b) permits the court to relieve a party from a final judgment, order, or proceeding for reasons of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, and such other reasons as set out in the Rule. Fed. R. Civ. P. 60(b). Such relief is an extraordinary remedy and should be invoked only on a showing of exceptional circumstances. Dowell v. State Farm Fire and Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). The purpose of Rule 60(b) is not to rehash those issues which have already been addressed in an earlier ruling. CNF Constructors, Inc. v. Donohoe Construction Co., 57 F.3d 395, 401 (4th Cir. 1995).

Rule 60(b)(4) allows the court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding [if] ... the judgment is void." Fed.R.Civ.P. 60(b)(4). "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005) (citation omitted). "Despite this seemingly broad statement, [federal courts] narrowly construe the concept of a 'void' order under Rule 60(b)(4) precisely because of the threat to finality of judgments and the risk that litigants like [Littlefield] will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow." Id. "In other words, 'a lack of subject matter jurisdiction will not always render a final judgment "void" [under Rule

Case 7:05-cv-00419-GEC-mfu   Document 39   Filed 03/26/07   Page 2 of 3   Pageid#: 296

60(b)(4)]. Only when the jurisdictional error is "egregious" will courts treat the judgment as void.'" Id. at 413 (citation omitted). A court evaluating a motion under Rule 60(b)(4) "must look for the 'rare instance of a clear usurpation of power.'" Id. (citations omitted). "A court plainly usurps jurisdiction 'only when there is a "total want of jurisdiction" and no arguable basis on which it could have rested a finding that it had jurisdiction.'" Id. (citations omitted).

Littlefield fails to allege any of the factors listed in Rule 60(b) which would support granting relief. He alleges that this court lacked jurisdiction to consider the respondent's motion to dismiss under Fed. R. Civ. P. 12(b)(6) because, in his view, Fed. R. Civ. P. 81(a)(2) and 28 U.S.C. 2243 prohibit the use of a motion to dismiss in habeas cases. In the first instance, the opinion of November 3, 2005, does not once refer to Fed. R. Civ. P. 12(b)(6), and is not based upon that Rule. In fact, respondent's motion to dismiss plainly states that it is brought "pursuant to Rule 5, Rules Governing Section 2254 Cases." Additionally, petitioner bases his allegation that the court lacked jurisdiction on two cases, Preiser v. Rodriguez, 411 U.S. 475 (1973), and Browder v. Director of the Department of Corrections of Illinois, 434 U.S. 257 (1958). As respondent correctly states in its response to the instant motion, "these cases involved procedures other than those subsequently enacted in the Federal Rules Governing 28 U.S.C. § 2254 Cases."

Respondent's filing of a motion to dismiss, and the court's granting of the motion, was proper. Relief under Rule 60(b)(4) is not appropriate, and Littlefield's motion will be **DENIED**.

The Clerk of the Court is directed to send certified copies of this memorandum opinion to plaintiff and counsel of record for the defendants.

ENTER: This 23rd day of March, 2007.

_/s/ Judge Conrad_
United States District Judge

3